JOSEFINA B. MACÍAS DE RIERA, Plaintiff and Appellee, *v.* SUC-
CESSORS OF L. VILLAMIL & Co., Defendant and Appellant.

No. 5739. Argued November 23, 1932.—Decided June 24, 1933.

*De la Torre & Ramírez* for appellants. *Pellón & Ayuso* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
Court.

José D. Riera and the defendant firm made a contract
whereby certain tobacco purchased by Riera in Santo Do-
mingo and brought by him to Puerto Rico was to be sold in
Spain by the defendant upon the basis of sharing equally
the expenses and dividing the profits in the same proportion.

After the sale was made but pending the liquidation,
Riera died and his share was alloted to his widow, plaintiff
herein. The plaintiff demanded an account which the de-
fendant eventually furnished, and as plaintiff was not satis-
fied with the same, she brought the present suit. Upon the
issue having been joined, the case was submitted to arbitra-
tion. The award rendered was set aside, and both parties
submitted to the court the following stipulation:

"That on June 30, 1930, this Hon. Court issued an order declar-
ing null and of no force or effect the report or finding made by the
arbitrators in this case on June 29, 1929, the parties remaining free
to re-submit the case to the same or to different arbitrators for an
investigation of the question submitted to them in due course of law,
giving the parties notice and an opportunity to be heard in the
investigation, and the award to conform, regarding the computation
of interest, to the provisions of section 1557 of the Civil Code and

the holding in the case of *Central Pasto Viejo* v. *Aponte*, 34 P.R.R. 849.

"That said order was notified to the parties on June 30, 1930, and is final (*firme*), as no appeal was taken from the same to the Supreme Court of Puerto Rico.

"That the parties do not desire to submit the case again to the same arbitrators, and have agreed to the appointment·of new arbitrators to decide the case, and plaintiff accordingly proposes as her arbitrator Rafael Paonesa, without any objection by defendant.

"WHEREFORE, plaintiff and defendant pray that this Hon. Court approve this stipulation and appoint Rafael Paonesa and José Díaz Miró as arbitrators for them to study and decide this case, in conformity with the aforesaid order of this Hon. Court dated June 30, 1930."

By an order of August 18, 1930, the court approved the above stipulation. On February 24, 1931, the arbitrators rendered their report. On March 9, 1931, defendant objected to it, and on the 22d of the following April the court overruled the objections and approved the report; and judgment was entered accordingly.

It is from said judgment that the defendant took the present appeal, and it has assigned in its brief two errors, committed, as it claims, by the court in deciding that defendant had no right to collect interest on the sums advanced by it for the share which Riera should have paid into the partnership funds, and in imposing upon it the costs of the suit.

In liquidating the business, the defendant charged to plaintiff the sum of $4,733.59, as interest on the $11,883.24 that represented 50 per cent of the shipping expenses from Puerto Rico to Spain which plaintiff had advanced and which should have been paid by Riera, and it credited plaintiff with $1,330.37, as interest on the $3,346.84 representing 50 per cent of the cost of transporting the tobacco from Santo Domingo to Puerto Rico, which Riera paid with money of his own.

In the report of the arbitrators finally approved by the court, the amount for interest was eliminated on the ground that, as the same had not been agreed, it could not be collected, according to the stipulation approved by the court. The award of the arbitrators and the judgment thus showed a balance of $3,403.22 in favor of plaintiff, and it is of this result that the defendant complains.

In support of its contention that there was involved a civil partnership organized under section 1567 of the Revised Civil Code, which provides that "Partnership is a contract by which two or more persons bind themselves to contribute money, property or industry to a common fund, with the intention of dividing the profits among themselves," and that therefore the section applicable in regard to the payment of interest was not section 1657 of said code, but section 1584, which expressly provides that "A partner who has bound himself to contribute a sum of money and fails to do so is at law a debtor for the interest thereon, from the day on which he should have contributed the same, without prejudice to indemnifying furthermore for the damages he may have caused thereby," the defendant invokes the facts as alleged by plaintiff herself in her complaint, to wit:

"That in the month of October, 1916, José Dimas Riera y Cifuentes and the defendant firm, Successors of L. Villamil & Co., agreed to carry out jointly a transaction of purchase and sale of tobacco which was to be bought in Santo Domingo and sold in Spain, upon the basis of sharing equally the expenses and dividing the profits in the same proportion."

Appellee maintains in her brief that, as both parties were merchants and the purposes for which they became associated were purely commercial, it can not be said that they constituted a civil partnership, not even a real mercantile partnership, but at the most a temporary partnership or joint account (*cuentas en participación*)—sections 239 to 243 of the

Code of Commerce—with reference to which 'the Supreme Court of Spain in its judgment of April 8, 1897, says:

"What characterizes the temporary partnership or joint account, and distinguishes it from mercantile companies, properly so called, is that the former does not create a legal entity with a definite commercial name, but each person interested, or the manager, as the case may be, contracts and is bound in his own name, binding his own personal credit to the conditions agreed, and without prejudice to the agreements made for the distribution of the profits or losses; and such being the opinion of the Court, there is no violation of sections 354 to 357 of the Code of Commerce of 1829. For the formation of said partnership no formalities are required by the Code." 81 *J. C.* 673.

The question thus raised is interesting and, in our opinion, although it is apparent that it is not a case of a civil partnership but rather one of join accounts (*cuentas en participación*), the contention of appellant as to the payment of interest is not wholly without merit. At least, it seems equitable.

However, we are precluded from passing upon it, for, as appellee maintains in her brief, the new award of the arbitrators, in so far as it related to the computation of interest, was to be governed by section 1657 of the Civil Code, and this condition was accepted by appellant. Indeed, it so appears from the stipulation of the parties which we have already transcribed and which was approved by the court and served as a basis for the decision of the arbitrators and the judgment of the court.

The question of costs only remains to be considered. We have examined the record and tried to understand the attitude of both parties, and we are not prepared to say that the district court committed an abuse of discretion in imposing the costs on the defendant.

The judgment appealed from must be affirmed.